IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANTONY D. COLEMAN                                                                             PLAINTIFF

v.                                                              CIVIL ACTION NO. __3:20-cv-323-DCB-__JCG

WILSON AUTO GROUP, INC.                                                                  DEFENDANT

### ORIGINAL COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

### I. INTRODUCTION

1.      Comes now the Plaintiff, Antony D. Coleman, by and through counsel, and files this Complaint against the Defendant, Wilson Auto Group, Inc., sometimes also referred to herein as Wilson Kia, for multiple violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, including impermissible access of consumer credit information, and in support thereof Plaintiff would show the following, *to-wit*:

### II. JURISDICTION

2.      Plaintiff respectfully asserts that jurisdiction is proper in this case based upon 28 U.S.C. 1331, in that this dispute involves predominant issues of federal law. Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this

honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. 1367. Venue in this district is proper in that the Defendant conducts business here and as such the conduct complained of occurred here.

## III.
## PARTIES

3.  That Plaintiff, Antony D. Coleman, is an adult resident citizen of Copiah County, Mississippi currently on deployment out-of-state with the United States Army.

4.  That Defendant, Wilson Auto Group, Inc., is a domestic corporation which may be served with process of this Court by serving its registered agent for service of process, Charles Douglas Wilson, located at 4200 Lakeland Drive, Flowood, Mississippi 39232.

## IV.
## TRIAL BY JURY

5.  That the Plaintiff is entitled to and hereby requests a trial by jury.

## V.
## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

6.  That the Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, exemplary or punitive damages may be awarded against the Defendant under federal and state laws.

## VI.
## REQUEST FOR COSTS OF LITIGATION AND ATTORNEYS' FEES

7. That the Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to an award of damages and the costs of litigation, Plaintiff also seeks an award of reasonable attorneys' fees incurred by him in the prosecution of this action against the Defendant.

## VII.
## FACTUAL ALLEGATIONS

8. That on June 24, 2019 at approximately 1300 hours Plaintiff began receiving alerts on his cellphone that someone was using his personal identifiers to apply for credit and, subsequently, Plaintiff noticed several missed calls from 601.914.4235, a number associated with the Defendant.

. 9. That after receiving the alerts and missed calls on his cellphone, Plaintiff immediately called 601.914.4235 and spoke with Jeffrey Brown, a sales representative with Wilson Kia in Flowood, Mississippi.

10. That Plaintiff was told by Jeffrey Brown that Jessica Demby, Plaintiff's former wife, had provided his Social Security number to act as a cosigner on a vehicle purchase she wished to finance.

11. That at all times relevant herein the Plaintiff had not authorized, consented to, or in any way given his permission or approval, stated or implied, for anyone, including Jessica Demby, Jeffrey Brown or, any agent of the Defendant's, to access his

consumer credit information for any purpose whatsoever.

12. That as a result of the Defendant's unauthorized use of Plaintiff's personal identifying information, there were at least eight (8) "hard pull" inquiries of Plaintiff's permissible purpose consumer credit information initiated by the Defendant through the following lenders using the database of two, national consumer reporting agencies, Equifax and TransUnion, as follows:

1) Ally Financial on June 24, 2019, TransUnion

2) Kia Motors Finance on June 24, 2019, TransUnion

3) JPMorgan Chase Bank on June 24, 2019, TransUnion

4) Wilson Auto on June 24, 2019, TransUnion

5) Fifth Third Bank on June 24, 2019, TransUnion

6) BB&T Dealer Finance on June 24, 2019, Equifax

7) Wilson Auto Group on June 24, 2019, Equifax

8) Capital One Auto Finance on June 24, 2019, Equifax

13. That Plaintiff would eventually receive adverse action letters from the following lenders on the dates indicated, as follows:

1) Bank of America, dated June 30, 2019

2) BB&T Dealer Finance, dated July 2, 2019

3) TD Auto Finance, dated July 4, 2019

        4)        JPMorgan Chase Bank, dated July 5, 2019

        5)        Ally Financial, dated July 8, 2019

        6)        Fifth Third Bank, dated July 16, 2019

        7)        KIA Finance, dated July 19, 2019

        8)        Capital One Auto Finance, dated August 9, 2019

14.    That based on the adverse action letters Plaintiff received there were an additional two (2) hard pull inquiries made of his consumer credit information, one by Bank of America and, the other by TD Auto Finance, resulting in a total of ten (10) hard pull inquiries of his permissible purpose credit information.

15.    That Plaintiff asked Jeffrey Brown if Defendant had any protocols or procedures in place to prevent unauthorized use of personal identifying information to which Plaintiff was merely told "well, she needed a car".

16.    That Plaintiff then advised Jeffrey Brown he wished to speak to a manager and was thereafter transferred to Danny Gillian.

17.    That Danny Gillian told Plaintiff that no vehicle sale was processed and that he would remove Plaintiff as a cosigner and that he would be able to reverse the inquiries from Plaintiff's consumer credit reports and that it would take a couple of weeks to do so.

18.    That after approximately three (3) weeks Plaintiff had not heard back from

Mr. Gillian so he tried to reach him by telephone but could not speak to or get a return call from him.

19. That as a consequence of not being able to speak to Mr. Gillian about the removal of the inquiries from his consumer credit reports, Plaintiff invoked self-help remedies and contacted all three, major national consumer reporting agencies, Equifax, TransUnion, and Experian.

20. That Plaintiff, by virtue of his own efforts, was successful in getting seven (7) of the subject inquiries deleted from his consumer reports managed by Equifax and Experian, including a block on further use of his credit files with those agencies.

21. That TransUnion, however, refused to delete any inquiries without more detailed information provided by the Defendant.

22. That without Defendant's agent, Mr. Gillian, giving Plaintiff the courtesy of continued communication regarding any effort on their part to have the improper credit inquiries deleted from Plaintiff's consumer credit files, Plaintiff began trying to speak to others employed by the Defendant but to no avail.

23. That, finally, on July 21, 2019 Plaintiff made contact via email with the Defendant's president, Douglas Wilson, who referred Plaintiff to Anthony Sturgis, another agent of the Defendant's.

24. That Anthony Sturgis advised Plaintiff that he would contact the consumer

reporting agencies which were showing the improper credit inquiries to request their deletion.

25. That following approximately two (2) weeks of waiting on Anthony Sturgis to get back with him, Plaintiff contacted him and was told to wait thirty (30) days for deletion of the improper credit inquiries.

26. That by August 23, 2019 after checking his consumer credit reports and finding no deletions of the improper credit inquiries had occurred, Plaintiff tried again to contact Anthony Sturgis who, after several voicemails left for him, finally returned Plaintiff's telephone calls.

27. That Anthony Sturgis told Plaintiff that he thought everything had been resolved but that he would try again with the consumer reporting agencies and that, if he could not get the subject deletions made then there was nothing more he could do for Plaintiff.

28. That Plaintiff waited yet another thirty (30) days after his August 23, 2019 telephone call with Anthony Sturgis to check for deletion of the improper credit inquirers on his consumer credit reports but still nothing had changed and the inquiries remained.

29. That Plaintiff subsequently filed a complaint with the Mississippi Attorney General's Office dated September 25, 2019.

30. That Plaintiff had previously filed a police report, at 1835 hours on June

24, 2019 where he is currently deployed, with the Macedonia, Ohio Police Department, incident number 19-00349.

31. That as recently as March 5, 2020 Plaintiff's Equifax consumer credit report is still showing one or more inquiries resulting from Defendant's unauthorized use of his personal identifying information.

32. That especially since Plaintiff holds a security clearance in his assignment with the U.S. Army, any questionable activity on his consumer credit reports, such as numerous inquiries in a short period of time, presents a risk of having his security clearance suspended which, as of the present date, has not happened but has nevertheless been a concern of Plaintiff's throughout this ordeal.

## VIII.
## CLAIM FOR RELIEF

33. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

34. That Defendant's actions evidence a breach of its responsibilities under the FCRA.

35. That Plaintiff has suffered damages due to the actions, inactions and conduct directed at Plaintiff by Defendant.

36. That the types of injuries and harms incurred by Plaintiff were foreseeable.

37. That In addition, Defendant is liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under common law, states' laws and/or for willful violation(s) of the provisions of the FCRA.

38. That Defendant has negligently, recklessly, willfully and/or intentionally violated the FCRA and caused damage to Plaintiff.

39. That the information Defendant sought to access from more than one consumer reporting agency was permissible purpose information, collected by the consumer reporting agencies with an expectation by them that requests for said information would be only from those who had a legitimate business need for permissible purpose information.

40. That the Defendant's actions in this case show, at a minimum, a negligent disregard for the sanctity of Plaintiff's permissible purpose consumer credit information as protected by the FCRA.

41. That Defendant had no consumer purpose for which Plaintiff's permissible purpose information could be legitimately used since Plaintiff never sought to purchase an automobile from Defendant.

42. That Defendant's conduct suggests they have no established protocols to prevent the mishandling of consumers' personal identifiers which, even if they do, those protocols are not adhered to thus showing a deliberate and willful disregard for the use of

consumers' permissible purpose credit information and, thus, making what happened to Plaintiff likely to be a pattern of conduct by the Defendant with other similarly situated consumers.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Antony D. Coleman, prays that upon a hearing of this matter, this Honorable Court will enter a judgment against the Defendant for all reasonable damages sustained by the him including, but not limited to, compensatory damages, out-of-pocket expenses, costs and time of repairing his credit, embarrassment, inconvenience, loss of incidental time, frustration, invasion of financial privacy, mental distress, and for punitive damages, attorneys' fees, and court costs, and all other assessments proper by law and any and all other applicable federal and state laws, together with interest thereon from the date of judicial demand until paid, and, further;  that this Honorable Court order the Defendant to once-and-for-all resolve Plaintiff's dispute in his favor;  Plaintiff prays for other such relief, specific or general, as may be deemed proper by this Court in this matter.

          Respectfully submitted,

          ANTONY D. COLEMAN, Plaintiff

          BY:   //JOSEPH PATRICK FRASCOGNA//
               JOSEPH PATRICK FRASCOGNA
               *Attorney for the Plaintiff*

JOSEPH PATRICK FRASCOGNA, MSB #8897  
FRASCOGNA & FRASCOGNA, PLLC  
147 Republic Street, Suite 202  
Post Office Box 392  (39130)  
Madison, Mississippi  39110  
Telephone:     601.672.9058  
Email:         <u>PatFrascogna@FrascoLaw.com</u>